### CORDELIA LADD *vs.* JESSE JACOBS.

*How judgment against a trustee is allowed against his principal.*

The pendency of a trustee process is no bar to the commencement of a suit by the principal debtor against the trustee.

The judgment recovered in such trustee suit, when satisfied, is a bar to the suit subsequently commenced, to the amount paid and the costs of the trustee.

When in the suit by the principal debtor against the trustee the amount recovered is reduced to less than twenty dollars the plaintiff can recover but quarter costs.

ON REPORT.

The defendant was administrator of the estate of the late Stephen Ladd, against which the plaintiff had a claim for labor, which was submitted to referees, who awarded her five hundred and twenty-five dollars. December 9, 1871, the defendant paid her four hundred dollars in money and gave her his note for one hun-

Ladd v. Jacobs. ⁕

dred and twenty-five dollars payable to her on demand with interest. It was not negotiable in form. No part of it has been paid directly to the holder by the maker. Upon the twenty-third day of March, 1872, Roderick McDonald brought a suit in this court for this county against Cordelia Ladd and Jesse Jacobs as her trustee, and recovered judgment therein at the October term, 1873, and the same was satisfied February 4, 1874, by the payment by Jacobs of $63.28. His costs were $9.43. April 18, 1872, A. N. Stetson summoned said Jacobs as trustee of said Ladd to appear on the twenty-seventh day of that month before a trial justice, who gave judgment for the plaintiff on the fourth day of May, 1872 ; and on the twenty-second day of said April, he was summoned to appear before the same justice at the suit of H. C. Arnold against said Ladd and him, as her trustee, on the fourth day of May, 1872, when judgment was rendered against them and in favor of said Arnold. Upon the twenty-fourth day of April, 1872, Edwin S. Chandler sued said Ladd and Jacobs as her trustee, by writ issued by the same justice, returnable May 4, 1872, when the plaintiff obtained judgment against them. The plaintiff disclosed in all four cases. His costs were ninety-nine cents in each of the justice suits. April 10, 1873, he paid $45.72 in full satisfaction of the executions issued in these justice actions, payment of them having been seasonably demanded of him.

Upon the foregoing statement the court was to render such judgment both as to damages and costs, as the law and facts require.

The suit in the present action was commenced upon the second day of May, 1872.

*W. R. White* for the plaintiff.

*Emery O. Bean* for the defendant.

APPLETON, C. J.   The writ in this action was sued out on May 2, 1872. Before that date four several trustee processes had been served on the plaintiff and this defendant as her trustee, in all which

judgments have been obtained against both principal and trustee. The executions, which issued in these several trustee processes have all been paid by the trustee, leaving a balance still due on the plaintiff's claim against him.

It is claimed that this action was prematurely commenced, the defendant having been previously summoned as a trustee of the plaintiff.

The plaintiff commenced a suit upon a claim which was due and unpaid. By the service of the trustee processes upon the defendant his indebtedness to the plaintiff was held to respond to the final judgments which might be recovered in the several actions, of which service had been duly made upon him. If the plaintiffs in those suits should fail, the defendant would be discharged as trustee. So, unless a demand is made within thirty days after judgment, the lien created by the* attachment will expire. In case judgment is recovered against the principal debtor and trustee and the same is satisfied by the trustee, such judgment will discharge the trustee "from all demands by the principal defendant or his executors or administrators, for all goods, effects and credits, paid, delivered or accounted for by the trustee thereon." R. S., c. 86, § 74.

The suing out a trustee suit is not a bar to the commencement of a suit by the principal defendant against the trustee. If it were to be so held, the defendant might lose an opportunity of securing his debt against the trustee, or it might become barred by the statute of limitation, by reason of the pendency of the trustee process. In *Nathan* v. *Giles*, 5 Taunton, 558, it was held, that a foreign attachment pending is no bar to an action until judgment be recovered in the attachment suit. When judgment is recovered, it becomes a bar to the extent of the amount paid by the trustee and his costs.

It follows that the plaintiff is entitled to recover the balance remaining due after deducting the judgments paid by the defendant and his judgments for costs. Knowing the pendency of the trustee processes against her, the plaintiff voluntarily incurred the

risks of her suit.   If the whole debt of the defendant was requir-
ed to meet the claims against her, she would fail in this action.
If they reduce the amount to be recovered by her to less than
twenty dollars, as would seem to be the case, her costs must be
·limited to a quarter of the debt recovered.

*Judgment for the plaintiff accordingly.*

WALTON, DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ.,
concurred.